UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

JAMEL STEVENS,

Petitioner,

– against –

MICHAEL CAPRA,

Respondent.

14-CV-05124 (ERK)

JAMEL STEVENS,

Petitioner,

– against –

MICHAEL CAPRA,

Respondent.

16-CV-02684 (ERK)

## ORDER

KORMAN, *J.*:

I assume familiarity with the underlying facts and procedural history of the case. Briefly, on August 19, 2014, Jamel Stevens filed a petition challenging his 2011 conviction for two counts of first-degree robbery and one count of second-degree unlawful imprisonment. While the petition was pending (and remains pending), Stevens pursued successfully relief from the sentence of twenty-two years that was imposed as a result of his conviction. Specifically, the sentence was modified "as a matter of discretion in the interest of justice, by reducing the determinate term of imprisonment from 22 years to 17 years; as so modified, the judgment [was] affirmed." *People v. Stevens*, 134 A.D.3d 1057, 1057 (2d Dep't 2015). Subsequently on May 16, 2016, Stevens filed a

petition, which challenged the length of his sentence as reduced by the Appellate Division. Stevens claims that the sentence was unduly harsh and excessive and should be reduced in the interest of justice. Moreover, when compared to the twelve-year sentence that was imposed on his co-defendant who pled guilty to the offense of first-degree robbery, the sentence imposed on Stevens constituted cruel and unusual punishment. Pet. 1, ECF No. 1.

Because the initial petition has not yet been decided, I treat the May 16th petition as an amendment to the original petition, and I directed the clerk to consolidate the two petitions. In sum, before me now is a Recommendation of United States Magistrate Judge Bloom, dated November 3, 2015, that the initial petition be denied. ECF No. 9. And the second petition, I treat as an amendment to the original petition.

I deny the petition as amended for the reasons stated in the recommendation of Magistrate Judge Bloom and because the amendment to the petition challenging the petitioner's sentence is without merit. The fact that the petitioner's co-defendant received a lesser sentence simply is indicative of the fact that his co-defendant pled guilty and received or negotiated for special consideration for the plea. This disparity does not render petitioner's sentence cruel or unusual.

## CONCLUSION

The petition, as amended, is denied. I also deny a certificate of appealability.

**SO ORDERED.**

Brooklyn, New York
July 8, 2016

*Edward R. Korman*
Edward R. Korman
United States District Judge